RICHARD H. ZELICHOV (SBN 193858)
richard.zelichov@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel:    310.595.3000
Fax:    310.595.3300

Attorney for Defendants
STRATASYS LTD., STRATASYS, INC.,
and YOAV ZEIF

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTIS ADVISORS LLC, a Delaware limited liability company, in its capacity as Shareholder Representative of the former shareholders of Origin Laboratories, Inc., <br><br> Plaintiff, <br><br> v. <br><br> STRATASYS LTD., an Israeli corporation; STRATASYS, INC., a Delaware corporation; and YOAV ZEIF, <br><br> Defendants. | Case No.: 24-cv-9214 <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 9 U.S.C. § 201, *et sq.* AND 28 U.S.C. § 1446** <br><br> Complaint Filed:  October 21, 2024 |

**TO THE CLERK OF THE ABOVE ENTITLED COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD**:

Pursuant to 9 U.S.C. § 201, *et seq.* and 28 U.S.C. § 1446, Defendants STRATASYS LTD., STRATASYS, INC., and YOAV ZEIF (collectively "**Defendants**") hereby remove this action, initially filed in the Superior Court of the State of California for the County of San Francisco, to the United States District Court for the Northern District of California.

The Federal Arbitration Act, 9 U.S.C.§ 205 provides:

> **Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreemen**t or award falling under the Convention, the defendant or the defendants may, **at any time before the trial thereof**, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

9 U.S.C. § 205 (emphasis supplied).

Removal is proper here because (1) Plaintiff FORTIS ADVISORS LLC ("**Fortis**") is a party to an agreement that includes an arbitration provision that falls under the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards (June 10, 1958), 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "**New York Convention**") (*see* 9 U.S.C. § 202); (2) the subject matter of the litigation relates to the arbitration agreement (*see* 9 U.S.C. § 202); and (3) all Defendants have filed this notice of removal before the trial of the removed action.

## I.    THE REMOVED CASE

1.    The removed case is a civil action filed on October 21, 2024, in the Superior Court of the State of California for the County of San Francisco, styled *Fortis Advisors, LLC v. Stratasys Ltd., Stratasys, Inc. and Yoav Zeif*, Case No. CGC-24-619152.  A redacted copy of the Complaint

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 9 U.S.C. § 201, *ET SQ.* AND 28 U.S.C. § 1446

CASE NO.:

is attached as **Exhibit A** to the Declaration of Erin Collins in Support of the Notice of Removal dated December 19, 2024 ("**Collins Decl.**").[1]

2.      Fortis alleges four state-law causes of action against Defendants:  (1) fraud (Collins Decl., Ex. A, Compl., ¶¶ 152-172); (2) promissory estoppel (*id.* ¶¶ 173-182); (3) unjust enrichment (*id.* ¶¶ 183-190); and (4) quantum meruit (*id.* ¶¶ 191-194).  Fortis seeks damages, including disgorgement of the amount by which Stratasys was allegedly unjustly enriched, recompence for the value of the services provided by shareholders to Stratasys in reliance on Stratasys' alleged promise to re-set the Earn-Out Commencement Date, an injunction preventing Stratasys from using Origin Laboratories, Inc.'s intellectual property until full compensation, and punitive and exemplary damages in.  *See id.*, Prayer ¶¶ A-H.

3.      Fortis served defendant Stratasys, Inc. on October 23, 2024.  *see* Collins Decl., Ex. B at 8).  Defendants Stratasys, Ltd. and Yoav Zeif accepted service via notice and acknowledgment of receipt on November 18, 2024.  Collins Decl., Ex. C.  Trial in the action has not been scheduled, let alone commenced or completed.

## II.     PROCEDURAL BACKGROUND[2]

4.      Fortis alleges that "Stratasys, a publicly traded Israeli technology conglomerate . . . purchased [Origin Laboratories, Inc. ("**Origin**")] for approximately $100 million pursuant to an Agreement and Plan of Merger and Reorganization, dated December 8, 2020" (the "**Merger Agreement**").  Collins Decl., Ex. A, Compl. ¶ 1.  Of particular relevance here, under the terms of the Merger Agreement, the parties agreed "to structure 40% of the purchase consideration, that is, $40 million, as 'earnout' payments calculated based on post-acquisition sales of Origins products and services over a three-year period beginning on an agreed upon date (the "**earnout start date**").  *Id.* ¶ 2.  The Earn-Out Commencement Date set forth in the Merger Agreement was July 1, 2021—

---

[1]   An unredacted copy of the Complaint has been filed under seal as Exhibit A to the Declaration of Richard Zelichov in Support of Defendants' Notice of Removal and Administrative Motion to Seal dated December 19, 2024 ("**Zelichov Decl.**").

[2]   Nothing in this Notice of Removal constitutes an admission that Fortis' allegations are sufficient to state a claim, have any substantive merit, or that Defendants concede the truth of any allegation.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 9 U.S.C. § 201, *ET SQ.* AND 28 U.S.C. § 1446

CASE NO.:

though Fortis, in its capacity as Shareholder Representative of the former shareholders of Origin, alleges that this was merely a "placeholder" date. *Id.* That date remains unchanged. *Id.* ¶ 5.

5.    The Merger Agreement provides at Section 11.5(a) that:

> any and all claims, grievances, demands, controversies, causes of action or disputes of any nature whatsoever (including, but not limited to, tort and contract claims, and claims upon any Legal Requirement) (hereinafter "Disputes"), arising out of, in connection with, or in relation to **this Agreement** and the Ancillary Agreements **shall be exclusively referred to and finally resolved by arbitration in Wilmington, Delaware**. The arbitration will be conducted in English in accordance with the rules of the American Arbitration Association with one arbitrator. The parties hereto agree that a final determination of an arbitrator in accordance with the provisions hereof shall be conclusive and may be entered in any Court having jurisdiction.

Collins Decl., Ex. A, Compl., Ex. 1 at § 11.5(a) (emphasis added).

6.    On May 19, 2023, Fortis invoked the Merger Agreement's dispute resolution clause, and served an Arbitration Demand on Stratasys, alleging that Stratasys breached the Merger Agreement by treating July 1, 2021 as the Earn-Out Commencement Date which date Fortis alleged had been amended either in writing or otherwise. Fortis amended its Arbitration Demand on August 2, 2024—adding a claim of fraud to the six claims it previously asserted, but did not change the named respondents. Shortly thereafter, Stratasys filed a motion to dismiss certain of the claims in the Arbitration arguing that such claims were not arbitrable[3] and otherwise failed to state a claim. On October 21, 2024, Fortis voluntarily withdrew its claims concerning fraud, unjust enrichment, promissory estoppel, and quantum meruit (the "**extra-contractual claims**") without filing a response to Stratasys's motion to dismiss, and Fortis then filed a Second Amended Demand on

---

[3]    For the avoidance of doubt, Defendants note that Stratasys contested whether Fortis' extra-contractual claims—i.e., the claims now pending before this Court—were within the arbitrator's purview (they are not). However, that does not mean that Stratasys believed the **issues** underlying those claims are not properly before the arbitrator as will be discussed in more detail in Defendants' motion to stay pending arbitration that will be filed shortly. *See, e.g.*, *CPB Contractors Pty Ltd. v. Chevron Corp.*, 2017 WL 7310776, at *4 (N.D. Cal. Jan. 17, 2017) (In order to stay a lawsuit pending arbitration, 9 U.S.C. § 203 "does not require that the claims in the . . . suit be referable to arbitration. Rather, it requires that 'an issue involved in [the] suit' be referable to arbitration").

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 9 U.S.C. § 201, *ET SQ.* AND 28 U.S.C. § 1446

CASE NO.:

November 11, 2024, alleging only breach of contract (seeking damages and specific performance) and a breach of the covenant of good faith and fair dealing.

## III.    REMOVAL JURISDICTION

### A.    The Merger Agreement Falls Under the New York Convention

7.    Pursuant to 9 U.S.C § 202, an agreement "falls under" the New York Convention where (1) there is an agreement in writing to arbitrate a dispute, (2) the agreement provides for arbitration in the territory of a New York Convention signatory, (3) the agreement arises out of a legal relationship that is considered commercial, and (4) at least one party to the agreement is not an American citizen or the commercial relationship has some reasonable relationship with one or more foreign states.  *See Balen v. Holland*, 583 F.3d 647, 655 (9th Cir. 2009); *Prograph Intern. Inc. v. Barhydt*, 928 F. Supp. 983, 988 (N.D. Cal. 1996); *Javier v. Carnival Corp.*, 2010 WL 3633173, *3 (S.D. Cal. 2010).

8.    The Merger Agreement meets the requirements of 9 U.S.C. § 202 because (1) it is a written agreement which provides for arbitration in the United States of any dispute or controversy arising out of, or in connection with, the agreement; (2) the United States is a signatory to the New York Convention (*see* 21 U.S.T. 2517, 330 U.N.T.S. 38); (3) the Merger Agreement arises out of a commercial relationship between Fortis and Stratasys; and (3) Stratasys, LTD is an Israeli company, incorporated under the laws of the State of Israel, and with its headquarters located in Israel (Compl. ¶ [10].[4]

### B.    The Subject Matter of the Litigation Relates to the Arbitration Agreement

9.    Removal of an action to a district court pursuant to 9 U.S.C. § 205 is appropriate where "the subject matter of an action or proceeding pending in State court relates to an arbitration agreement or award falling under the [New York] Convention"  The Court of Appeals for the Ninth Circuit has held that the "phrase 'relates to' [in § 205] is plainly broad, and has been interpreted to convey sweeping removal jurisdiction in analogous statutes."  *Infutura Global v. Sequus*

---

[4]    For the avoidance of doubt, Stratasys Ltd. principal place of business is also Israel.  Declaration of Vered Ben Jacob dated December 19, 2024, ¶ 3.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 9 U.S.C. § 201, *ET SQ.* AND 28 U.S.C. § 1446

CASE NO.:

*Pharmaceuticals*, Inc., 631 F.3d 1133, 1138 (9th Cir. 2011). Section 205 permits removal whenever an arbitration agreement falling under the New York Convention could conceivably affect the outcome of the plaintiff's case. *Id*. at 1138. Thus, "[a]s long as the defendant's assertion [regarding the basis for removal] is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. *Quicksilver Greater China Limited v. Quicksilver Glorious Sun Licensing Ltd*., 2012 WL 12878644, at \*6 (C.D. Cal. Nov. 2, 2012) (quoting (*citing Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002)).

10.    This lawsuit clears this "low bar" without problem. As an initial matter, this lawsuit and the Arbitration are based on the same common nucleus of operative facts. The allegations in the Complaint relate to the "subject matter" of the pending Arbitration—as both center principally on Stratasys's, including its CEO Yoav Zeif's, performance of the Merger Agreement, and whether they "expressly and repeatedly promised that Stratasys would liberally move the [earnout start date] to ensure alignment with the actual launch of Origin products." *Id.* ¶ 2. Should this Court have any doubt as to the overlap between the two cases—which it should not—a redline of the Complaint and Fortis' Arbitration Demands[1] reveals that Fortis repeats, almost verbatim, over 100-paragraphs of the factual background from its Arbitration Demand(s). *See* Collins Decl., Ex. E (reflecting a redline of Amended Arbitration Demand against the Complaint); Collins Decl., Ex. F (reflecting a redline of Second Amended Arbitration Demand against Complaint).[5]

11.    Also, Fortis itself has recognized, that the claims before this court—*i.e.*, its extra-contractual claims for (1) fraud, (2) unjust enrichment, (3) promissory estoppel, and (4) quantum meruit, are alternative claims—cannot proceed if its contractual claims, currently pending in the arbitration—survive. *See* Collins Decl., Ex. G. Tr. 24:8-13 (explaining that the extra contractual claims were "pled in the alternative, because that's what Delaware law says" and "if you file a breach of contract claim and then you also file equitable claims . . . those claims fall away if the contract applies."). Thus, if the arbitrator rules in favor of Fortis on its contractual claims, Fortis's

---

[5]    Unredacted copies of each redline have been filed under seal as Exhibit E and Exhibit F to the Zelichov Declaration.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 9 U.S.C. § 201, *ET SQ.* AND 28 U.S.C. § 1446

CASE NO.:

claims here must be dismissed—thereby illustrating that this action relates to the Merger Agreement and the arbitration clause therein.

12. In each of the claims in the Second Amended Demand, Fortis asserts that it was deprived of the "full and fair opportunity to satisfy the relevant Earn-Out targets and to receive millions of dollars in Earn-Out Payments conditioned on such satisfaction." Collins Decl., Ex. D, Second Amended Arbitration Demand at ¶ 145 (breach of contract – damages), ¶ 148 (breach of contract – specific performance (similar)), ¶ 155 (breach of the covenant of good faith and fair dealing).[6] Fortis makes the same assertions in the lawsuit against Stratasys, and Mr. Zeif. *See e.g.*, Collins Decl., Ex. A, Compl. ¶ 163 (fraud claim; former shareholders of Origin not provided "full and fair opportunity to satisfy the relevant Earn-Out targets and to receive millions of dollars in Earn-Out Payments conditioned on such satisfaction"), ¶ 182 (promissory estoppel; similar), ¶ 187 (unjust enrichment; same), ¶ 192 (quantum meruit; same)).

13. Similarly, were there any doubt, Fortis' claims here all arise out of Defendants' alleged acts in agreeing to alter (or not) the earnout start date through writings, communications, and course or performance. And, were this Court to adjudicate whether July 1, 2021 is (or is not) the earnout start date under the Merger Agreement, it would circumvent the parties' to the Merger Agreement's intent to arbitrate those claims, and therefore violate the strong federal policy in favor of enforcing arbitration agreements. *See Beiser*, 284 F.3d at 673 ("In interpreting the Federal Arbitration Act (FAA), which is expressly made applicable to arbitration clauses under the [New York] Convention, the Supreme Court requires that we resolve all questions with a 'healthy regard' for the federal policy favoring arbitration."). Thus, again, this lawsuit relates to the Merger Agreement and the arbitration clause therein.

14. In addition, and by way of example, the arbitrator must decide whether the anti-reliance clause in the Merger Agreement prevents Fortis from making arguments based on the negotiations of the parties that led to the Merger Agreement. The arbitrator's decision on whether

---

[6] An unredacted copy of the Second Amended Arbitration Demand has been filed under seal as Exhibit D to the Zelichov Declaration.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 9 U.S.C. § 201, *ET SQ.* AND 28 U.S.C. § 1446

CASE NO.:

the anti-reliance provision bars such evidence, will be a factual determination concerning evidence—and Defendants' defenses—which will impact all of Fortis' claims asserted in this lawsuit. Defendants here intend to assert that this very anti-reliance clause bars Fortis's claims for fraud in the inducement in this litigation. *See e.g.*, *IAC Search, LLC v. Conversant LLC*, 2016 WL 6995363, at *8 (Del. Ch. Nov. 30, 2016). This same clause also impacts whether there was reasonable and justifiable relance for purposes of Fortis' promissory estoppel, absence of justification for purposes of unjust enrichment, and notice for quantum meruit.

15.     Similarly, the mere existence of a comprehensive, fully integrated Merger Agreement and the arbitration clause therein bars Fortis' claims in this litigation. Plaintiffs cannot bring fraud claims where the terms of the contract contradict the allegedly fraudulent statements. *See, e.g.*, *Flores v. Strauss Water Ltd.*, 2016 WL 5243950, at *7-8 (Del. Ch. Sep. 22, 2016). Plaintiffs also cannot bring claims for promissory estoppel, unjust enrichment, or quantum meruit where there is an express contract that governs the parties' relationship like the Merger Agreement. *See, e.g.*, *SIGA Technologies, Inc. v. PharmAthene, Inc.*, 67 A.3d 330, 348 (Del. Ch. 2013) ("[p]romissory estoppel does not apply, however, where a fully integrated, enforceable contract governs the promise at issue"); *Intermec IP Corp. v. TransCore, L.P.*, 2021 WL 3620435, at *17-18 (Del. Super. Ct. Aug. 16, 2021) ("unjust enrichment claims that are premised on an express, enforceable contract fail to state a claim" even if "an enforceable contract may not provide the relief a litigant wants").

16.     Lastly, removal is proper even where not all Defendants are signatories to the arbitration agreement. *Infuturia Global*, 631 F.3d at 1135. Removal is particularly justified in cases like this one, where the arbitration provision may be enforced by nonsignatories under the doctrine of equitable estoppel. "The *sine qua non* for allowing a nonsignatory to enforce an arbitration clause based on equitable estoppel is that the claims the plaintiff asserts against the nonsignatory are dependent on or inextricably bound up with the contractual obligations of the agreement containing the arbitration clause." *Goldman v. KPMG LLP*, 173 Cal. App. 4th 209, 213–14 (2009); *see Marenco v. DirecTV LLC*, 233 Cal. App. 4th 1409, 1417 (2015) ("The doctrine applies where, for example, a signatory plaintiff sues a nonsignatory defendant for claims that are based on an

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 9 U.S.C. § 201, *ET SQ.* AND 28 U.S.C. § 1446

CASE NO.:

underlying contract."). Fortis' claims are "based on an underlying contract" (*Marenco*, 233 Cal. App. 4th at 1417), and "inextricably bound up with the contractual obligations of the agreement containing the arbitration clause" (*Goldman*, 173 Cal. App. 4th at 213–14).

17.    In short, where, as here, the extra-contractual claims are based on an alleged breach of a contract that includes an arbitration agreement, they are routinely stayed in favor of arbitration. *See, e.g., Bitstamp Ltd. v. Ripple Labs Inc.*, 2015 WL 4692418, at *5 (N.D. Cal. Aug. 6, 2015). If the arbitrator ultimately decides that Stratasys did not breach the Merger Agreement, Defendants will be entitled to use that finding as a defense to Fortis' extra-contractual claims pending before this Court—all of which are based on the premise that Defendants improperly failed to move the earnout start date. If the arbitrator decides that a breach of the Merger Agreement has occurred, it will determine the quantum of compensatory damages to which Fortis is entitled for the breach, and Fortis will be precluded from seeking any additional compensatory damages. Fortis' claims are therefore inextricably entwined with matters that are required to be arbitrated, and it is beyond dispute that arbitration "could conceivably affect the outcome of the plaintiff's case." *Infuturia Global*, 631 F.3d at 1138.

## IV.    SUBJECT MATTER JURISDICTION

18.    District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The New York Convention is a treaty of the United States. Thus, "an action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States." *See* 9 U.S.C. § 203; *see also Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1211 (9th Cir. 2016) (finding "[t]he jurisdiction of the district court was properly invoked under 28 U.S.C. § 1331 and 9 U.S.C. § 203 because the case arose under the [New York] Convention."); *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, 665 F.3d 1091, 1103 (9th Cir. 2011) (same).

19.    As demonstrated above, the instant action "falls" under the New York Convention because the Merger Agreement meets the requirements of 9 U.S.C. § 202 and the subject matter of

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 9 U.S.C. § 201, *ET SQ.* AND 28 U.S.C. § 1446

CASE NO.:

the litigation "relates to" the Merger Agreement pursuant to 9 U.S.C. § 205. *Beiser*, 284 F.3d at 670. ("Section 205 confers a form of federal question jurisdiction. . .").

20.    In addition, to the extent that Mr. Zeif is not a party to the Merger Agreement, this this Court has supplemental jurisdiction for the claims against Yoav Zeif under 28 U.S.C. § 1367 as any claims against him are related to the claims against Stratasys.

## V.    REMOVAL IS TIMELY

21.    Under 9 U.S.C. § 205, a defendant may remove an action at "any time before the trial." *China N. Industries Tianjin Corp. v. Grand Field Co, Inc.*, 197 Fed. Appx. 543, 544 (9th Cir. 2006); *see also Infuturia*, 631 F.3d at 1139.

22.    Defendant Stratasys, Inc. received notice of this action on October 23, 2024, when it was served with the Complaint. Collins Decl., Ex. B, at 8. Stratasys, Ltd. and Yoav Zeif accepted service via notice and acknowledgment of receipt on November 18, 2024. *Id.*, Ex. C. No case management conference has been held and trial has not been scheduled.

23.    Therefore, this Notice of Removal is timely.

## VI.    ADDITIONAL REMOVAL REQUIREMENTS

24.    Venue is proper in this Court because the Northern District of California, San Francisco/Oakland Division is the federal district embracing the Superior Court of California for the County of San Francisco, where the State Court Action was originally filed. 28 U.S.C. § 1446(a).

25.    In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders in the state court action served on Defendants as of the date of this Notice are attached hereto. Collins Decl. ¶ 3 & Ex. B.

26.    As required by 28 U.S.C. § 1446(d), Defendants promptly will file with the Superior Court of California for the County of San Francisco a Notice to Trial Court and Adverse Party of Removal to Federal Court, and serve upon Plaintiff a true and correct copy of this Notice.

27.    Defendants also will promptly serve upon Plaintiff a true and correct copy of the supplementary materials required by Civil L.R. 4-2 and 16-2(b).

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 9 U.S.C. § 201, *ET SQ.* AND 28 U.S.C. § 1446

CASE NO.:

## VII.   NON-WAIVER OF DEFENSES

28.    By this Notice of Removal, Defendants do not waive any objections to service, jurisdiction, venue or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

## VIII.   CONCLUSION

29.    WHEREFORE, Defendants hereby remove the above-entitled action to this Court from the Superior Court of the State of California, County of San Fransisco.

Dated: December 19, 2024

Respectfully submitted,

By:        */s/ Richard H. Zelichov*
Richard H. Zelichov
richard.zelichov@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel:    310.595.3000
Fax:    310.595.3300

*Attorney for Defendants*
*STRATASYS LTD., STRATASYS, INC.,*
*and YOAV ZEIF*

11
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 9 U.S.C. § 201, *ET SQ.* AND 28 U.S.C. § 1446
CASE NO.: