UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTIS ADVISORS LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STRATASYS LTD., et al.,<br><br>　　　　Defendants. | Case No. 24-cv-09214-RS<br><br>**ORDER GRANTING MOTION TO STAY** |

　　Pursuant to Civil Local Rule 7-1(b), defendants' motion to stay this action pending resolution of a related arbitration proceeding is suitable for disposition without oral argument, and the hearing set for April 17, 2025, is vacated. The stay motion will be granted.

　　This action arises from an alleged "Agreement and Plan of Merger and Reorganization" between, on one side, defendants Stratasys, Ltd., an Israeli company and its wholly owned Delaware subsidiary, Stratasys, Inc., and on the other side, Origin Laboratories, Inc., a Delaware company. Also party to the agreement were Origin Merger, Inc., a subsidiary of Stratasys formed to facilitate the merger/acquisition, and Fortis Advisors LLC, the plaintiff in this action, who represents the interests of the former Origin shareholders.

　　Under the merger agreement, Stratasys was to make an upfront payment of $60 million, with a further $40 million potentially payable if certain "earnout" targets were met. Fortis alleges Stratasys has wrongfully refused to pay the additional $40 million.

　　Pursuant to an arbitration clause in the parties' agreement, Fortis submitted an arbitration

1  demand in May of 2023. Shortly thereafter, the parties engaged in proceedings before the
2  Delaware Court of Chancery to determine whether the Fortis' claims should be adjudicated by the
3  Delaware court or be arbitrated. The Delaware court effectively ruled in Fortis' favor, sending the
4  matter to the arbitrator to determine which, if any, of the claims were arbitrable.

5  Fortis' initial arbitration demand advanced three claims that Stratasys now acknowledges
6  are subject to the arbitration clause—a claim for breach of contract damages, a claim for specific
7  performance, and a claim for breach of the covenant of good faith and fair dealing. The arbitration
8  demand also included claims under theories of promissory estoppel, unjust enrichment, and
9  quantum meruit. Fortis later filed an amended arbitration demand to include a claim for fraud.
10 Stratasys insists these "extra-contractual claims" are not subject to arbitration.

11 In the arbitration, Stratasys filed a motion to dismiss the extra-contractual claims for lack
12 of arbitrability. Before a ruling issued on that motion, Fortis voluntarily dismissed the extra-
13 contractual claims. At the same time, Fortis initiated this proceeding by filing a complaint in San
14 Francisco superior court that closely tracked the arbitration demand's pleading of the extra-
15 contractual claims, and added one individual defendant. Defendants (collectively "Stratasys")
16 removed to this court, and now seek to stay the litigation pending completion of the arbitration of
17 the contractual claims.

18 Stratasys argues a stay is *mandatory* under the Federal Arbitration Act, which directs
19 courts to stay suits brought "upon any issue referable to arbitration." 9 U.S.C. § 3. Fortis contends
20 that because there is no longer even any dispute that the extra-contractual claims are *not* subject to
21 arbitration, the mandatory stay provisions of 9 U.S.C. § 3 are not implicated.

22 Stratasys contends this litigation involves the same central *issues* as the arbitration, even
23 though recovery is premised on different legal theories. That argument has particular force as to
24 the claims for promissory estoppel, unjust enrichment, and quantum meruit, all of which are
25 merely alternative theories to permit possible recovery in quasi-contract, should the express
26 contract claims fail. As Fortis told the Delaware court, "those claims fall away if the contract
27 applies." The fraud claim stands on a slightly different footing, because there might remain a

basis to adjudicate it regardless of which side prevails on the contractual claims in arbitration.

Even assuming that the fraud claim, or even the quasi-contractual claims, are distinct "issues," such that a stay under 9 U.S.C. § 3 is not mandatory, the circumstances here plainly call for a discretionary stay under the court's "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). No cognizable hardship or prejudice will result from allowing the arbitration to go forward. The interests of judicial efficiency and the potential simplification of issues that will remain to be resolved, if any, weigh against proceeding on both tracks simultaneously. Accordingly, this action is stayed, pending conclusion of the arbitration.

The parties shall file a status report no later than September 30, 2025. In the event the arbitration proceedings become unduly protracted or delayed, a motion to lift the stay will be entertained. Good cause appearing, the pending sealing motions are granted.

**IT IS SO ORDERED**.

Dated: March 21, 2025

RICHARD SEEBORG
Chief United States District Judge